**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA**

    **vs.**                                 **Criminal Action 2:20-cr-147(2)
JUDGE MICHAEL H. WATSON**

**ROMERO D. REED**

### REPORT AND RECOMMENDATION

Defendant Romero D. Reed previously pleaded not guilty to a *Superseding Indictment* that charges him with conspiracy in violation of 18 U.S.C. § 371 (Count 1), two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a) (Counts 3, 4), and possession with intent to distribute a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. § 841 (Count 5). *Superseding Indictment*, ECF No. 15. The *Superseding Indictment* also includes forfeiture provisions. *Id*. The United States and defendant thereafter entered into a plea agreement, executed under the provisions of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, whereby defendant agreed to enter a plea of guilty to Counts 3, 4, and 5.[1] On October 20 2021, defendant, assisted by his counsel, participated in a change of plea proceeding.[2]

After being advised of his right to appear personally and with his counsel and after consulting with his counsel, defendant also consented to appear by videoconference.

---

[1] In addition to specifying sentencing terms, the current *Plea Agreement*, ECF No. 68, includes an appellate waiver provision that preserves only certain claims for appeal or collateral challenge. Under the *Plea Agreement*, defendant also agreed to forfeit his interest in specified firearms and ammunition.

[2] A change of plea proceeding was previously held on June 23, 2021, but that hearing was terminated when defendant disputed his guilt as to Count 4 of the *Superseding Indictment*. At the hearing held on October 20, 2021, the Court expressly inquired about Count 4 and defendant expressly and explicitly admitted his guilt as to that count, as well as to Counts 3 and 5.

Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 25 Fed. Appx. 290, 291(6th Cir. 2001)(Magistrate Judge may accept a guilty plea with the express consent of the defendant and where no objection to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the appearance and responsiveness of defendant in answering questions. Based on that observation, the undersigned is satisfied that, at the time he entered his guilty plea, defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics, other drugs, or alcohol.

Prior to accepting defendant's plea, the undersigned addressed defendant personally and in open court and determined his competence to plead. Based on the observations of the undersigned, defendant understands the nature and meaning of the charges in the *Superseding Indictment* and the consequences of the plea of guilty to Counts 3, 4, and 5. Defendant was also addressed personally and in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that defendant's plea is voluntary. Defendant acknowledged that the plea agreement signed by him, his attorney and the attorney for the United States and filed on September 23, 2021,represents the only promises made by anyone regarding the charges in the *Superseding Indictment*. Defendant was advised that the District Judge may accept or reject the plea agreement. Defendant was further advised that, if the District Judge refuses to accept the plea agreement, defendant will have the opportunity to withdraw his guilty plea but that, if he does not withdraw his guilty plea under those circumstances, the District Judge may impose a sentence that is more severe than the sentence contemplated in the plea agreement, up to the statutory maximum.

Defendant confirmed the accuracy of the statement of facts supporting the charge, which is attached to the *Plea Agreement,* and which was supplemented at the change of plea proceeding.[3] He confirmed that he is pleading guilty to Counts 3, 4, and 5 of the *Superseding Indictment* because he is in fact guilty of those offenses. The Court concludes that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Counts 3, 4, and 5 of the *Superseding Indictment* is knowingly and voluntarily made with understanding of the nature and meaning of the charges and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Counts 3, 4, and 5 of the *Superseding Indictment* be accepted. Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

---

[3] The *Statement of Facts* does not specify the nexus with interstate commerce of the specified firearms. The parties agreed during the change of plea proceeding that the firearms involved in Counts 3 and 4 were manufactured outside the State of Ohio, and that the interstate element of the offenses charged in those Counts has been satisfied.

3

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* See *United States v. Wandahsega,* 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn,* 474 U.S. 140 (1985).


October 20, 2021                         *s/ Norah McCann King*
 Date                                    Norah McCann King
                                        United States Magistrate Judge